IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRW MECHANICAL CONSULTING AND FABRICATION, LLC, a limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>AARON F. SANDINE, an individual; and AFS FABRICATION, LLC, a limited liability company;<br><br>Defendants. | 8:19-CV-407<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Defendants' Motion to Dismiss, Filing 59. Defendants ask the Court to "abstain from exercising jurisdiction in this matter due to concurrent state court proceedings in Ohio" under the *Colorado River* abstention doctrine. Filing 59. Plaintiff opposes Defendants' motion, arguing the proceedings in Ohio are not "parallel" to the mater before this Court and abstention would not be warranted even if they were. Filing 63 at 2. For the reasons stated below, Defendants' Motion to Dismiss, Filing 59, is denied.

## I. BACKGROUND

Plaintiff CRW Mechanical Consulting and Fabrication, LLC ("CRW") is a single-member limited liability company. Filing 1 at 1. Nathan Ruff is CRW's sole member and owner. Filing 1 at 1. CRW alleges Defendant, Aaron Sandine, was its chief financial officer ("CFO") between December of 2018 and July of 2019. Filing 1 at 2. During that time, CRW was owed money from a customer to whom it had provided consulting services as part of a construction contract. Filing 1 at 2. According to CRW, Sandine abused his position at CRW and diverted the customer payments for the consulting work from CRW without its knowledge to Defendant AFS

1

Fabrication, LLC ("AFS"), which is owned by Sandine. Filing 1 at 3. CRW further alleges Defendants have not returned the money, despite Ruff's demands on CRW's behalf. Filing 1 at 3. CRW also alleges Sandine submitted falsified documentation indicating he was performing his duties for CRW while he was actually working for the Army Corps of Engineers. Filing 1 at 3.

CRW brought suit in this Court on September 13, 2019. Filing 1. Against Sandine only, CRW brings causes of action for breach of the fiduciary duty of care, breach of the fiduciary duty of loyalty, mismanagement, corporate waste, fraudulent concealment, and fraudulent misrepresentation. Filing 1 at 3-7. CRW brings causes of action for conversion of corporate funds and unjust enrichment against both Sandine and AFS. Filing 1 at 5-6.

CRW has also filed suit against Sandine and AFS in Trumbull County, Ohio ("the Ohio case"). Filing 60-1 at 2-9. In that case, CRW alleges it "intended to purchase CrossRoads Bar & Grill, and the real estate upon which it was located by providing AFS the funds to make the acquisition as a straw man." Filing 60-1 at 5. CRW further alleges in the Ohio case that it provided investment capital totaling $360,000, which Sandine deposited into an account held by AFS. Filing 60-1 at 5. According to CRW, Defendants then transferred those funds to another account held by LJT Sales and Services, LLC[1] ("LJT"). Filing 60-1 at 5. LJT and Sandine then purchased the property, and a deed was recorded in LJT's name. Filing 60-1 at 5. CRW claims the Ohio case defendants have failed to provide it with any dividends, share of profits, or return of investment capital as the parties had agreed. Filing 60-1 at 5. CRW asserts causes of action in the Ohio case for conversion, accounting, breach of contract, unjust enrichment, fraud, and declaratory relief. Filing 60-1 at 6-8.

---

[1] LJT is a defendant in the Ohio case, Filing 60-1, but is not a party in the case before this Court.

2

Defendants argue that the Ohio case and the present matter before this Court are parallel proceedings and exceptional circumstances are present such that the Court should abstain from hearing the matter and dismiss the case under the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *See generally* Filing 60. For support, they cite to deposition testimony from CRW's sole member and owner, Ruff, acknowledging his belief that Sandine effectively put little or no money of his own toward buying the bar and grill because he had embezzled customer payments from CRW before the bar and grill purchase, as alleged in the case now before this Court. Filing 60 at 2-3. Defendants argue "the payments are the central issue in this matter and also a major part of the Ohio case," Filing 60 at 3, though the embezzlement allegations do not appear in the operative complaint in the Ohio case, Filing 60-1 at 2-9. CRW responds that "[t]he dispute here in Federal Court in Nebraska and the dispute in Ohio have nothing to do with each other," and the cases are not substantially similar. Filing 63 at 2. The Court finds that the present suit and the Ohio case are not parallel proceedings, and thus the Court must exercise its jurisdiction under the *Colorado River* doctrine.

## II. ANALYSIS

### A. Standard for *Colorado River* Abstention

"The federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995) (quoting *Colo. River*, 424 U.S. at 817). "This obligation does not evaporate simply because there is a pending state court action involving the same subject matter." *Id.* (citing *Colo. River*, 424 U.S. at 813-14). "Thus, a federal court may divest itself of jurisdiction by abstaining [under *Colorado River*] only when parallel state and federal actions exist and exceptional

3

circumstances warrant abstention." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (citing *Colo. River*, 424 U.S. at 817-18).

The existence of parallel state and federal proceedings is a "threshold matter," and such proceedings must be present "before *Colorado River* is implicated." *Id.* at 535. "The prevailing view is that state and federal proceedings are parallel for purposes of *Colorado River* abstention when substantially similar parties are litigating substantially similar issues in *both* state and federal court." *Id.* (citing *Federated Rural Elec.*, 48 F.3d at 297). However, "[t]he pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient." *Id.* There must be "substantial similarity" between the state and federal proceedings. *Id.* "Substantial similarity" occurs "when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* (citing *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005)). A federal court must exercise jurisdiction "if there is any doubt as to the parallel nature of the state and federal proceedings." *Id.* (citing *AAR Int'l, Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 520 (7th Cir. 2001)).

If there are parallel proceedings, courts must then determine whether there are "exceptional circumstances" warranting abstention. *Id.* at 534. Courts have developed a non-exhaustive list of six factors to weigh in assessing whether such exceptional circumstances are present. *Id.* Those factors are:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority— not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Id.* (quoting *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006)).

### B. Parallel Proceedings

The Court must first address the "threshold matter" of whether the state and federal proceedings at issue are parallel. *See id.* Defendants argue that the funds at issue in both this case and the Ohio case "are connected." Filing 64 at 2. They note that Ruff asserted during a deposition that Sandine had effectively not contributed to the purchase of the bar and grill at issue in the Ohio case because he had embezzled any funds he used from CRW, as alleged in the present federal case. Filing 60 at 2-3. According to Defendants, this means that the state and federal courts in each case are being asked to adjudicate ownership of the same funds. Filing 60 at 5 ("[T]he allegations and monies at issue are the same as those in the Ohio state court matter."); Filing 64 at 2. CRW argues the cases are actually centered on different funds, with the Ohio case dealing with funds CRW intentionally provided to Defendants, and the present case dealing separately with funds diverted from client payments without CRW's knowledge or consent. Filing 63 at 6-7. CRW further argues there is no "substantial likelihood that the first proceeding will fully dispose of the claims presented in the second proceeding," such that the proceedings are not parallel. Filing 63 at 7 (quoting *Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017)). The Court agrees with CRW; the proceedings at issue are not parallel.

The operative complaints in the Ohio case and this one reveal that the alleged facts underlying each matter, though involving mostly the same parties, are quite different. In the Ohio case, CRW alleges it voluntarily provided funds to purchase a bar and Defendants breached their agreement with CRW by failing to provide any return on investment or return of its capital. Filing 60-1 at 5. In the present case, Sandine is alleged to have diverted customer payments meant for CRW, without CRW's knowledge or consent, to the company he owns, AFS. Filing 1 at 2-3. The factual scenarios presented in each case are completely different, and the disputes arose over

5

different funds. That Ruff or CRW believes or may argue that any money Defendants contributed towards the purchase of the bar in the Ohio case was the product of the alleged embezzlement at issue in this case does not change that. *See* Filing 60-1 at 12-15.

More importantly, neither case will "fully dispose of the claims presented" in the other, and thus there is no "substantial similarity." *See Fru-Con Const.*, 574 F.3d at 535. As an example, the Ohio case includes a breach-of-contract claim related to the purchase and subsequent operation of a bar and grill. Filing 60-1 at 6-7. Given the claims before it, this Court has no reason to consider whether such a contract was breached or even if it existed; the Court would not even know such a transaction was alleged to have occurred if not for the present motion. Similarly, the Ohio court has no reason to pass upon the question of whether Sandine owed or breached a fiduciary duty while serving as CRW's CFO, whereas this Court is presented with claims for breach of fiduciary duties that will necessarily raise those issues. Filing 1 at 4-5. Further, there is nothing in the parties' briefs nor the operative complaints to indicate that the state court would have any reason to consider whether Sandine fraudulently produced records indicating he was working for CRW while actually working for the Army Corps of Engineers; yet a claim raising that issue is before this Court. *See* Filing 1 at 7. Thus, there is no way "the state proceeding will fully dispose of the claims presented in the federal court." *See Fru-Con Const.*, 574 F.3d at 535. Given the claims at issue in this and the Ohio case are both factually and legally distinct such that the state court proceedings will not dispose of the federal claims, the proceedings are not parallel.

### III. CONCLUSION

Because there are no parallel proceedings, the Court need not analyze any further whether *Colorado River* abstention is warranted. *See Fru-Con Const.*, 574 F.3d at 535 ("Because the federal district court compared . . . non-parallel proceedings, the *Colorado River* doctrine did not

[apply]. Thus, we actually need not consider whether the district court properly weighed the [six 'exceptional circumstance'] factors."). The Court is without discretion to abstain under the *Colorado River* doctrine absent parallel proceedings. Thus, Defendants' Motion to Dismiss on such grounds must be denied.

IT IS ORDERED:

1. Defendants' Motion to Dismiss, Filing 59, is denied.

Dated this 4th day of February, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge