IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRW MECHANICAL CONSULTING AND FABRICATION, LLC, a limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>AARON F. SANDINE, an individual; and AFS FABRICATION, LLC, a limited liability company;<br><br>Defendants. | 8:19CV407<br><br>**ORDER** |

This matter is before the Court on Defendants' Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaim. (Filing No. 71.) For the reasons explained below, the motion will be denied.

**BACKGROUND**

This case was filed on September 13, 2019 (Filing No. 1) and Defendants filed their Answer, Affirmative Defenses, and Counterclaim on October 28, 2019 (Filing No. 24). Plaintiffs filed their Answer and Affirmative Defenses to Counterclaim on November 18, 2019 (Filing No. 30).

A progression order was entered on December 3, 2019, setting the deadline for filing amended pleadings as February 28, 2020. (Filing No. 33.) Upon the request of the parties, an amended progression order was entered on June 1, 2020. (Filing No. 39.) The amended progression order did not modify the deadline for filing amended pleadings. Since that time, other

deadlines have been modified, but the deadline for filing amended pleadings has not changed. An order setting trial in this case for June 14, 2022 was entered on November 5, 2021. (Filing No. 58.) Upon the request of the parties for an extension of the summary judgment deadline (Filing No. 65), an amended order setting trial in this case for September 13, 2022 was entered on January 31, 2022. (Filing No. 67.) At that time, the parties were advised that the trial date would not be moved again. (Filing No. 66.) Defendants' motion to amend was filed on March 18, 2022.

## DISCUSSION

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).

Additionally, "where a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." *BDC Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:08CV25, 2007 WL2344814, at *3 (D. Neb. Aug. 14, 2007) (quotation omitted). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.RD. 165, 166 (W.D. Mo. 1989).

Defendants seek leave to amend their Answer to add a claim for unjust enrichment. Defendants argue they are not inserting additional allegations in the proposed amended answer, but are simply seeking to make clear that they have always been claiming the theory of unjust enrichment. Seemingly as a basis for amendment, Defendants maintain that Plaintiffs added new allegations in this matter because one year after Plaintiffs filed suit, Plaintiffs identified additional sums they allege were taken by Defendants. Defendants argue Plaintiffs will not be prejudiced through amendment because Defendants have already produced all documents that could relate to

the relationship between the parties. Plaintiffs oppose the motion to amend as untimely and assert that allowing amendment at this point would result in delay and prejudice. Plaintiffs also argue the proposed amendment is futile.

Having considered the matter, Defendants' motion to amend will be denied. The deadline for seeking to amend pleadings expired on February 28, 2020. Despite numerous other requests for extensions of deadlines, the amended pleadings deadline has not changed. Defendants have not set out any grounds for allowing amendment at this point, let alone shown good cause for permitting amendment out of time. Trial of this case is scheduled to commence on September 13, 2022. The parties were advised that the trial date would not be moved again. Therefore, allowing Defendants to insert a new claim in this case at this juncture would unduly prejudice Plaintiffs.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaim ([Filing No. 71](#)) is denied.

Dated this 15th day of June, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge