IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CRW MECHANICAL CONSULTING AND FABRICATION, LLC, a limited liability company,<br><br>        Plaintiff,<br><br>   vs.<br><br>AARON F. SANDINE, an individual, and AFS FABRICATION, LLC, a limited liability company,<br><br>        Defendants. | 8:19CV407<br><br>DAMAGES JUDGMENT |

      This case is before the Court on Defendants' Motion to Enter Judgment for Damages, Filing 102, and the Court's August 26, 2022, Default Judgment and Order to Schedule Proceedings on Damages, Filing 97. In this case, Defendants seeks the sum of $101,889.12 plus costs of this action. Filing 102 at 1. This request is supported by Sandine's sworn and notarized Affidavit, Filing 102-1 at 1–2, and documents attached to it.

      More specifically, the attached documents are the following: Exhibit A is a loan agreement for one of the loans at issue in this case signed by Sandine, "For AFS Fabrication LLC," but not by any representative of CRW Mechanical Consulting and Fabrication, LLC, (CRW), Filing 102-1 at 3; Exhibit B is a loan agreement for a second loan at issue in this companion case signed only by Sandine, Filing 102-1 at 4; Exhibit C is copies of three unsigned "Outgoing Wire Transfer Requests" for transfers from AFS Fabrication's account to CRW, each stating "REF: BRIDGE LOAN," Filing 102-1 at 5–10; Exhibit D is two checks for payments from CRW to AFS, one dated September 12, 2018, for $7,000 with a memo stating "Loan interest," and the other one dated

1

October 15, 2018, for $20,000 with a memo stating "Loan repayment and interest," Filing 102-1 at 11; and finally Exhibit E is a spreadsheet Sandine represents he created of the accrued interest on the loans up to and including September 2022.

In his affidavit, Sandine avers that he is the owner of Defendant AFS Fabrication, LLC. Filing 102-1 at 1. He avers that AFS entered into a loan agreement in Exhibit A on August 27, 2018, to loan CRW $70,600, and that AFS later entered into a second loan agreement in Exhibit B on November 21, 2018, to loan CRW $25,000. Filing 102-1 at 1. Sandine avers further that on August 28, 2018, August 31, 2018, and November 21, 2018, AFS sent wire transfers to CRW totaling $95,600, as shown in Exhibit C. Filing 102-1 at 1. He avers that on September 12, 2018, CRW paid AFS a portion of these loans by check in the amount of $7,000, and on October 15, 2018, CRW repaid $20,000 of the remaining loan balance by check to AFS, both in Exhibit D. Filing 102-1 at 2. Sandine avers that the remaining principal balance of $68,600 on the loans has not been paid. Filing 102-1 at 2. Lastly, he avers that the interest rate on the loans, as reflected in Exhibits A and B, is 10% per annum, and that his spreadsheet in Exhibit E shows the accrued interest on the loans up to and including September 2022, resulting in a total balance due with interest of $101,889.12. Filing 102-1 at 2.

As the Court pointed out above, the loan agreements are signed by Sandine, but they are not signed by any representative of CRW. *See* Filing 102-1 at 3-4 (Exhibits A and B). The Nebraska Supreme Court has explained, "The rule in Nebraska is that signatures of the parties are not essential to establish a binding contract if manifestation of mutual assent is otherwise shown, unless there is a statute requiring a signature or an agreement by the parties that a contract shall not be binding until it is signed." *RSUI Indem. Co. v. Bacon*, 810 N.W.2d 666, 672 (Neb. 2011). Defendants have not identified any statute requiring that the agreements at issue here be signed.

2

Moreover, CRW has defaulted on its opportunity to demonstrate otherwise. Sandine's affidavit provides competent evidence that sums were actually loaned by AFS and received by CRW. *See* Filing 102-1 at 1. The copies of "Outgoing Wire Transfer Requests" in Exhibit C provide some additional support for a finding that sums were actually paid to CRW, despite the lack of any signatures of the customer or authorized individual requesting the transfers. *See* Filing 102-1 at 5–10. Similarly, the checks in Exhibit D demonstrate CRW's assent to the loan agreements and CRW's partial repayment of those loans. *See* Filing 102-1 at 11. Finally, Sandine's affidavit, which CRW has not disputed, avers to CRW's breach of the loan agreements, the remaining unpaid principal of $68,600, and the calculation of damages with accrued interest totaling $101,889.12. *See* Filing 102-1 at 2. Under the circumstances, the Court finds the proffered proof is adequate.

Accordingly,

IT IS ORDERED that

1.  Defendants' Motion to Enter Judgment for Damages, Filing 102, is granted; and

2.  Judgment is entered in favor of AFS and Sandine and against CRW in the amount of $101,889.12.

Dated this 26th day of September, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge